INHABITANTS OF VEAZIE *versus* INHABITANTS OF HOWLAND.

Where supplies are furnished *occasionally* and not continuously, only one notice need be proved to enable the plaintiff town to recover for the supplies furnished three months before such notice down to the date of the writ; *provided* the action be commenced within two years next after the cause of action accrued.

ON REPORT from *Nisi Prius*, APPLETON, C. J., presiding.

ASSUMPSIT for supplies occasionally furnished to paupers having their settlement in the defendant town.

Writ dated Feb. 24, 1859.

The supplies commenced May 1, 1857, and were occasionally furnished until Feb. 8, 1859.

Notice dated June 22, 1857, answer June 27, 1857.

The defendants objected to a recovery because a new notice was not given of each instance of furnishing, when there was a lapse of time between the times of furnishing the same person.

The presiding Judge ruled that a new notice was unnecessary. Judgment was for the plaintiffs.

If the ruling was wrong, a new trial was to be granted on the question of damages.

*J. A. Peters*, for the plaintiffs.

WALTON, J. — Regarding the law as settled that when supplies are furnished a pauper continuously, one notice by the town furnishing them to the town chargeable is suffi-

cient, under certain circumstances, to authorize a recovery for a period of time commencing three months before the notice was given and ending at the date of the writ, provided the suit is commenced within two years from the time when the cause of action first accrues, the only question presented in this case is whether more than one notice is necessary when the supplies furnished during that time are not continuous, but only occasional. We think not. We think no inconvenience will result from holding that a single notice in such cases will be as effectual when the supplies are not continuous as when they are. This view of the law has been sustained by the Supreme Court of Massachusetts, and we think it is a reasonable one. *Attleborough* v. *Mansfield*, 15 Pick., 19. We must not be understood as determining that one notice will be sufficient in all cases. We only determine that one notice will be as effectual when the supplies are occasional as when they are continuous.

*Judgment for plaintiffs.*

APPLETON, C. J., CUTTING, DAVIS, KENT and DICKERSON, JJ., concurred.